UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHELLE SPICER ) | CIVIL ACTION |
|     Plaintiff, ) | |
| ) | |
| v. ) | TRIAL BY JURY |
| ) | DEMANDED |
| NCO FINANCIAL SYSTEMS, INC. ) | |
|     Defendant ) | |
| ) | JANUARY 13, 2012 |

## COMPLAINT

1. This is a suit brought under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*.

2. Plaintiff, Michelle Spicer, is a natural person residing in Preston, Connecticut and is a consumer as defined by the FDCPA 15 U.S.C. § 1692a(3).

3. The defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania Corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

4. Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331 and 1337.

5. This Court has jurisdiction over NCO because it engages in debt collection within Connecticut.

6. Venue in this Court is proper, because the Plaintiff is a resident and the acts complained of occurred in this state.

7. NCO was attempting to collect on a debt that was claimed by Capital One (the "Account") against Plaintiff.

8. In October 2011, an NCO representative identifying himself as "James Singer" called a restaurant that is owned by Plaintiff's family, although Plaintiff did not work at the restaurant.

9. An employee answered the phone and informed James Singer that Plaintiff did not work there.

10. James Singer called the restaurant several additional times in an attempt to reach the Plaintiff and spoke with multiple employees, including family members of the Plaintiff.

11. On or around November 3, 2011, James Singer called Plaintiff at her place of work.

12. Plaintiff told "James Singer" that she was being represented by a bankruptcy attorney and gave him the name, address, and phone number of the attorney. Plaintiff asked "James Singer" to not call her at work.

13. On November 16, 2011, "James Singer" called Plaintiff's direct line at her place of work.

14. On November 16, 2011, "James Singer" called Plaintiff's place of work and spoke with an operator and, before asking to be transferred to Plaintiff, inquired into the operator's name and position.

15. NCO violated the FDCPA by its collection activities as described above.

WHEREFORE, the Plaintiff seeks recovery of actual damages pursuant to 15 U.S.C. § 1692k; statutory damages pursuant to 15 U.S.C. § 1692k; attorney's fees and costs pursuant to 15 U.S.C. § 1692k; and such other relief as this Court deems appropriate.

**PLAINTIFF, MICHELLE SPICER**

By: /s/Daniel S. Blinn_____
  Daniel S. Blinn, Fed Bar No. ct02188
  dblinn@consumerlawgroup.com
  Consumer Law Group, LLC
  35 Cold Spring Rd., Suite 512
  Rocky Hill, CT  06067
  Tel. (860) 571-0408; Fax (860) 571-7457